**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| SYLVESTER TRAYLOR,<br><br>    Plaintiff,<br><br>    v.<br><br>TROPICANA PRODUCTS, INC.<br>*A Division of PepsiCo, Inc.*,<br><br>    Defendant. | Civil Action No. 8:12-cv-01435-AW |

**MEMORANDUM OPINION**

Pro se Plaintiff Sylvester Traylor brings this action against Defendant Tropicana Products, Inc. Plaintiff's Complaint sounds in consumer fraud. Pending before the Court is Defendant's Motion to Dismiss. The Court has reviewed the record and deems no hearing necessary. For the reasons articulated herein, the Court **GRANTS** Defendant's Motion to Dismiss.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On February 27, 2011, Plaintiff filed a Complaint in the Circuit Court for Montgomery County, Maryland. Compl., Doc. No. 2. The gravamen of the Complaint is that Defendant allegedly labeled various beverage products as "100% Juice," "100% Fruit," and "All Natural" even though they were genetically modified and used synthetic ingredients. *See* Compl. ¶¶ 8–12, Doc. No. 2. The Complaint sets forth several causes of action, including claims for civil conspiracy to defraud, unfair and deceptive trade practices, fraudulent misrepresentation, negligence, strict liability, and violation of a state consumer protection statute. Compl. 4–7, Doc. No. 2. In his words, "Plaintiff seeks damages in the amount of $74,950.00 . . . and such other

1

amounts to be proven at trial; for punitive damages; for prejudgment interests; [and] for costs and attorneys' fees." Compl. ¶ 54, Doc. No. 2. The Complaint is highly similar to a complaint that the Court recently dismissed, with prejudice, in another pro se case sounding in consumer fraud. *See Hinton v. Naked Juice Co.*, Civil Action No. 8:11–cv–03740–AW, 2012 WL 1552873 (D. Md. April 30, 2012). Curiously, pro se Plaintiff Sylvester Traylor shares the same address as Kenn Hinton, who was the pro se plaintiff in the formerly dismissed *Hinton* case. *Compare* Compl. 9, Doc. No. 2, *with Hinton v. Naked Juice Co. et al.*, Civil Action No. 8:11–cv–03740–AW (D. Md. 2011), Mot. Remand 5, Doc. No. 15-1.

On May 11, 2012, Defendant filed a Notice of Removal. Notice Remov., Doc. No. 1. The Notice of Removal states diversity as the basis for federal jurisdiction. *See* Notice Remov. 2–4, Doc. No. 1. Defendant notes in its Notice of Removal that Plaintiff states in the Complaint that he seeks damages in the amount of "$74,950.00," characterizing this a blatant attempt to circumvent § 1332(a)'s $ 75,000 amount-in-controversy requirement. However, Defendant persuasively argues in its Notice of Removal that the Court must aggregate the other, albeit unspecified, damages in determining whether the $75,000 threshold is satisfied. The Court agrees that Plaintiff's request for, inter alia, punitive damages suffices to bump up the $74,950 amount by at least the nominal $50.01 needed to cross the $75,000 threshold.

On June 5, 2012, Defendant filed its Motion to Dismiss. *See* Mem. Supp. Mot. Dismiss, Doc. No. 12-1. Defendant urges the Court to dismiss Plaintiff's "copy-cat" action under the first-to-file rule. Defendant observes that, starting in December 2011, numerous similar actions were filed against Tropicana. According to Defendant, the first such case was filed on December 19, 2011 in the District of New Jersey. *See Lynch v. Tropicana Prods., Inc.*, No. 2:11-cv-07382 (D.N.J. 2011).

On June 11, 2012, the Clerk of the Court sent Plaintiff a Rule 12/56 letter. The seventeen-day period the 12/56 letter prescribed for responding to Defendant's Motion to Dismiss has elapsed and Plaintiff has yet to respond to Defendant's Motion to Dismiss.

## II.     LEGAL ANALYSIS

When multiple suits are filed in different federal courts involving the same factual issues, courts usually permit the first-filed action to proceed to the exclusion of the subsequently filed suit. *See, e.g.*, *Allied-Gen. Nuclear Servs. v. Commonwealth Edison Co.*, 675 F.2d 610, 611 n.1 (4th Cir. 1982) (citing *Carbide & Carbon Chems. Corp. v. U.S. Indus. Chems., Inc.*, 140 F.2d 47, 49 (4th Cir. 1944)). Dismissal is proper where the moving party makes "a showing of substantial similarity." *Fisher v. Rite Aid Corp.*, Civil Action No. RDB-09-1909, 2010 WL 2332101, at *2 (D. Md. June 8, 2010) (citations omitted).

As in *Hinton*, Defendant has satisfactorily shown that the instant action is substantially similar to the District of New Jersey action. The parties in this action are virtually identical to the parties in the District of New Jersey action. The District of New Jersey action was brought against the same Defendant. Furthermore, the District of New Jersey action was brought on behalf of a class of consumers that effectively includes Plaintiff (i.e., consumers who have purchased the allegedly deceptively labeled juice products). Second, the factual allegations in this case mirror those in the District of New Jersey action. Third, the causes of action Plaintiff asserts considerably overlap with those that have been asserted in the District of New Jersey action. Although Plaintiff asserts some conspiracy claims that are not present in the District of New Jersey action, Plaintiff's vague and conclusory conspiracy claims lack particularity and are facially implausible. Accordingly, the Court dismisses the action as duplicative under the first-to-file rule.

### III.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss. A separate Order closing the case follows.

| | |
|---|---|
| June 29, 2012 | /s/ |
| Date | Alexander Williams, Jr. |
| | United States District Judge |